IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AERIELLE, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-382 (TJW) |
| | § | |
| MONSTER CABLE PRODUCTS, INC., | § | |
|     Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Monster Cable Products, Inc.'s ("Monster Cable") Motion to Transfer Venue Pursuant (#10). The defendant requests that this case be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, the defendant's motion is DENIED for the reasons set forth in this opinion.

**I.     Background**

Plaintiff Aerielle, Inc. ("Aerielle") sued Monster Cable for infringing United States Patent Nos. 5,771,331 and 6,671,494. These two patents involve radio frequency (RF) transmitters for portable audio devices.

Aerielle is a California corporation with its principal place of business in Mountain View, California. Monster Cable is also a California corporation with its principal place of business in Brisbane, California. Both Mountain View and Brisbane are located in the Northern District of California.

Aerielle asserts that Monster Cable's products that adapt portable music devices, such as iPods, for use in automobiles infringes the two patents. Monster Cable sells these products to

retailers (e.g., Best Buy) who then sell them directly to the public throughout the country.

## II. Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000). The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

**A.     Private Factors**

1.     Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiff chose to bring its suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

2.     The Convenience of the Parties and the Witnesses

The Court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002). Both parties are located in the Northern District of California. Accordingly, the convenience of the parties weighs in favor of transfer.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In its moving papers, the defendant listed seven non-party witnesses (two of the inventors,

two prosecuting attorneys, one patent attorney, and two former employees) located in California and detailed the substance of their testimony. *Defendant's Motion to Transfer Venue* at 8-11. The plaintiff, however, disputes whether these witnesses are actually "key" nonparty witnesses. Furthermore, the plaintiff provides affidavits of several of these "key" defendant witnesses who state that they are willing to travel to Marshall, Texas. In the Court's view, the convenience of the witnesses does not support a transfer.

    3.    <u>The Place of the Alleged Wrong</u>

The parties do not dispute that Monster Cable's alleged infringing products are sold, through retailers, in the Eastern District of Texas. Accordingly, this factor weighs against transfer.

    4.    <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

The defendant argues that the costs of attendance will be higher in Texas than California regardless of the willingness to travel to Texas by its "key" nonparty witnesses. This Court, however, must also be mindful that many patent infringement cases are driven by expert testimony. *Source, Inc. v. Rewards Network, Inc.*, 2005 WL 2367562, *2 (E.D. Tex. Sept. 27, 2005). Accordingly, this factor weighs slightly in favor of transfer.

    5.    <u>The Availability and Location of Sources of Proof</u>

The defendant contends that a majority of the documentary proof is located in California. The increasing ease of storage and transportation, however, makes this factor less significant. *See Tinkers & Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006). Documents can easily be transported to Marshall, Texas. This factor slightly favors transfer.

      6.      <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

    **B.**    **Public Interest Factors**

      1.      <u>The Administrative Difficulties Caused by Court Congestion</u>

The defendant contends that the median time from filing to disposition in a civil case is about the same for the Northern District of California and the Eastern District of Texas. The plaintiff contends that the percentage of cases over three years old is higher in the Northern District of California than in the Eastern District of Texas. After considering the parties' contentions, the Court finds that this factor is neutral as to transfer.

      2.      <u>The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty</u>

Monster Cable sells its alleged infringing products through retailers all across the country, including the Eastern District of Texas. The admitted sale of allegedly infringing products in the Eastern District of Texas is an event that is significant and relevant to the citizens of this district. *See Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, *5 (E.D. Tex. May 26, 2004). Accordingly, these two factors weigh against transfer.

      3.      <u>The avoidance of unnecessary problems in conflict of laws</u>

Patent claims are governed by federal law. This Court and the court in the Northern District of California are both capable of applying patent law to infringement claims. Therefore, this factor

is neutral as to transfer.

### III.    Conclusion

The defendant has failed to satisfy its burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case. Accordingly, Defendant's Motion to Transfer Venue is DENIED.

SIGNED this 26th day of March, 2007.

*T. John Ward*
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE